IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TROY WAHL,

        Plaintiff,                     No. CIV S-06-1551 KJM

    vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.               <u>ORDER</u>

_____/

        Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Disability Income Benefits ("DIB") under Title II of the Social Security Act ("Act"). For the reasons discussed below, the court will grant plaintiff's motion for remand, deny the Commissioner's cross-motion for summary judgment, and remand this matter for further proceedings.

/////

/////

/////

/////

/////

I. <u>Factual and Procedural Background</u>

In a decision dated November 25, 2005, the ALJ determined plaintiff was not disabled.[1] The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. The ALJ found plaintiff has severe impairments of back pain and depression but these impairments do not meet or medically equal a listed impairment; plaintiff is not totally credible; plaintiff can perform light work with certain postural and environmental limitations and is limited mentally to understanding, remembering, and carrying out simple job instructions only; plaintiff cannot perform his past relevant work; based on the testimony of a vocational expert, there are a significant number of jobs available to

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 <u>et seq</u>. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. § 1382 <u>et seq</u>. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. <u>See</u> 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; <u>Bowen v. Yuckert</u>, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. <u>Bowen</u>, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. <u>Id</u>.

1  plaintiff; and plaintiff is not disabled. Administrative Transcript ("AT") 23-24. Plaintiff
2  contends the ALJ committed several errors. The ALJ's erroneous reliance on the testimony of
3  the vocational expert is dispositive, however, thus necessitating remand for further findings on
4  whether there are other jobs available to plaintiff.[2]

5  II. Standard of Review

6         The court reviews the Commissioner's decision to determine whether (1) it is
7  based on proper legal standards under 42 U.S.C. § 405(g), and (2) substantial evidence in the
8  record as a whole supports it. Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing
9  Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)).
10 Substantial evidence means more than a mere scintilla of evidence, but less than a
11 preponderance. Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorenson v.
12 Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)). "It means such relevant evidence as a
13 reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402
14 U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S.
15 197, 229, 59 S. Ct. 206 (1938)). The record as a whole must be considered, Howard v. Heckler,
16 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that
17 detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir.
18 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of
19 supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If
20 substantial evidence supports the administrative findings, or if there is conflicting evidence
21 supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see
22 Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an
23 improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d
24 1335, 1338 (9th Cir. 1988).

---

[2] The court finds no error in the ALJ's analysis of the opinion of the treating psychiatrist, Dr. Kalman, or in the ALJ's assessment of plaintiff's credibility.

1  III.  <u>Analysis</u>

2           In finding that plaintiff is not disabled, the ALJ relied on the testimony of a
3  vocational expert who testified there were a significant number of jobs as a small parts
4  assembler[3] and fast food worker[4] available to plaintiff.  AT 22-23, 314-315. Plaintiff challenges
5  the vocational expert's testimony as conflicting with the Dictionary of Occupational Titles.  The
6  United States Department of Labor, Employment & Training Administration's Dictionary of
7  Occupational Titles ("DOT") is routinely relied on by the SSA "in determining the skill level of a
8  claimant's past work, and in evaluating whether the claimant is able to perform other work in the
9  national economy."  <u>Terry v. Sullivan</u>, 903 F.2d 1273, 1276 (9th Cir. 1990).  The DOT classifies
10 jobs by their exertional and skill requirements.  The DOT is a primary source of reliable job

---

[3]  The DOT provides in pertinent part:

**739.687-030 ASSEMBLER, SMALL PRODUCTS II (any industry)**

1. Performs any combination of following duties to assemble parts of various materials, such as plastic, wood, metal, rubber, or paperboard, to produce small products, such as roller skates, toys, shoe lasts, musical instrument parts, or loudspeakers: Positions parts in specified relationship to each other, using hand, tweezers, or tongs. Bolts, screws, clips, cements, or otherwise fastens parts together by hand, using handtools, portable powered tools, or bench machines. Performs fastening, force fitting, or light cutting operations, using machines such as arbor presses, punch presses, taps, spot-welding or riveters.
*GOE: 06.04.23 STRENGTH: L GED: R2 M1 L1 SVP: 2 DLU: 81*

[4]  The DOT provides in pertinent part:

**311.472-010 FAST-FOODS WORKER (hotel & rest.) alternate titles: cashier, fast foods restaurant**

1. Serves customer of fast food restaurant: Requests customer order and depresses keys of multicounting machine to simultaneously record order and compute bill. Selects requested food items from serving or storage areas and assembles items on serving tray or in takeout bag. Notifies kitchen personnel of shortages or special orders. Serves cold drinks, using drink-dispensing machine, or frozen milk drinks or desserts, using milkshake or frozen custard machine. Makes and serves hot beverages, using automatic water heater or coffeemaker. Presses lids onto beverages and places beverages on serving tray or in takeout container. Receives payment. May cook or apportion french fries or perform other minor duties to prepare food, serve customers, or maintain orderly eating or serving areas.
*GOE: 09.04.01 STRENGTH: L GED: R2 M2 L2 SVP: 2 DLU: 86*

4

information for the Commissioner.  20 C.F.R. § 404.1566(d)(1); see Johnson v. Shalala, 60 F.3d 1428 (9th Cir. 1995) (reliance on the DOT acts as a presumption that may be rebutted by the testimony of a vocational expert); see also Social Security Ruling 00-4p (providing that when there is an apparent unresolved conflict between the vocational expert's testimony and the DOT, the ALJ must clarify the discrepancy).

The ALJ specifically inquired of the vocational expert whether her testimony was consistent with the DOT.  AT 315; see Massachi v. Astrue, 486 F.3d 1149, 1152-53 (9th Cir. 2007).  Although the vocational expert testified that her testimony was consistent, the ALJ's reliance on the vocational expert's testimony was in error.  While the vocational expert significantly eroded the occupational base due to the limitations on light work assessed by the ALJ, the vocational expert also acknowledged that the identified jobs required a reasoning level of two.  AT 23, 314-315.  Under the DOT guidelines, a reasoning level of two entails the ability to "apply commonsense understanding to carry out detailed but uninvolved written or oral instructions."  DOT, Scale of General Education Development (GED) Reasoning Development, Level 2.  The reasoning level of two testified to by the vocational expert is in fact the same as required in the DOT for the two types of jobs the expert identified.  See footnotes 3 & 4 supra (GED rating).  However, that testimony cannot be reconciled with the mental residual functional capacity assessed by the ALJ, which limited plaintiff to being able to understand, remember and carry out simple job instructions only.  AT 23, 314.  This limitation corresponds to reasoning level one, which entails the ability to "apply commonsense understanding to carry out simple one- or two-step instructions."  DOT, Scale of General Education Development (GED) Reasoning Development, Level 1. Vocational testimony as to jobs available with the reasoning level of one, to which plaintiff was limited, was not offered at the hearing.  Because the Commissioner failed to meet the burden at step five of the sequential analysis, the matter will be remanded.

1    For the foregoing reasons, this matter will be remanded under sentence four of 42 U.S.C. § 405(g) for further development of the record and further findings addressing the deficiencies noted above.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for remand is granted;

2. The Commissioner's cross-motion for summary judgment is denied; and

3. This matter is remanded for further proceedings consistent with this order.

DATED: September 28, 2007.

_____
U.S. MAGISTRATE JUDGE

006
wahl.ss